# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

FRANK B. ALLAIN, ET AL.                              CIVIL ACTION

VERSUS

                                                                 NO. 16-437-BAJ-RLB

EXXON MOBIL CORPORATION,
ET AL.

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in Baton Rouge, Louisiana, on November 22, 2016.

                                                                                     _____
                                                                                        **RICHARD L. BOURGEOIS, JR.**
                                                                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK B. ALLAIN, ET AL. | CIVIL ACTION |
| VERSUS | |
| EXXON MOBIL CORPORATION, ET AL. | NO. 16-437-BAJ-RLB |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Third Party Plaintiff Devon Energy Production Company, L.P.'s ("Devon") Motion to Remand or for Abstention (R. Doc. 4) filed on July 15, 2016. Third Party Defendant Samson Exploration, LLC ("Samson Exploration") opposes the motion. (R. Doc. 13). Devon has filed a Reply. (R. Doc. 20). Samson Exploration has filed a Surreply. (R. Doc. 26).

Oral argument on the foregoing motion was held on November 8, 2016 before the undersigned. (R. Doc. 29).

I.   Background

Samson Resources Company ("Samson Resources") purchased various interests in a property from Devon's predecessors pursuant to a Purchase and Sale Agreement ("1990 PSA") in 1990. (R. Doc. 4-1 at 3); (R. Doc. 4-2). In May of 2005, the owners of the property brought an action in the 18th Judicial District Court, Iberville Parish, Louisiana, naming various defendants, including Samson Resources and Devon, for alleged damages to the property caused by oil and gas exploration and production. (R. Doc. 1-8 at 14-33). In December of 2005, Devon made a written demand to Samson Resources for defense and indemnity pursuant to the 1990 PSA, and Samson Resources rejected the demand. (R. Doc. 4-1 at 3).

In 2011, Kohlberg Kravis Roberts & Co., L.P. ("KKR"), a private equity firm, led a leveraged buyout of Samson Resources and affiliated companies. (R. Doc. 4-1 at 3). As a result, Samson Resources' interests and liabilities were conveyed to Samson Exploration through a Stock Purchase Agreement ("SPA"). (R. Doc. 4-1 at 3); (R. Doc. 4-3).[1] Devon represents that it was not informed of the KKR buyout at the time. (R. Doc. 4-1 at 4).

On September 4, 2015, Devon filed a motion for leave to file a cross-claim or, in the alternative, third party demand against Samson Resources. (R. Doc. 2 at 3).

On September 16, 2015, Samson Resources filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Proceeding"). (R. Doc. 2 at 3-4).

On October 1, 2015, the state court granted Plaintiff's motion to dismiss Samson Resources without prejudice. (R. Doc. 1-2).

On November 20, 2015, Devon filed a proof of claim against Samson Resources in the Bankruptcy Proceeding. (R. Doc. 1-3).

On May 19, 2016, after learning of the KKR buyout, Devon filed a third party demand against Samson Exploration seeking defense and indemnification in light of the alleged transfer of Samson Resource's obligations in the 1990 PSA to Samson Exploration through the 2011 SPA. (R. Doc. 1-8 at 1-12, "Third Party Demand"). The Third Party Demand specifies that Devon makes no claims whatsoever against any bankrupt entity, specifically Samson Resources. (R. Doc. 1-8 at 10).

---

[1] The parties dispute, however, whether Samson Resources' obligations pursuant to the 1990 PSA transferred to Samson Exploration through the 2011 SPA. Devon has attempted to obtain further information regarding the scope of the liabilities transferred through discovery. (R. Doc. 4-5).

2

As of June 1, 2016, the underlying plaintiffs have dismissed all of their claims from the litigation, including those asserted against Devon. (R. Doc. 2 at 4); (R. Doc. 1-4).

On June 29, 2016, Samson Exploration removed the Third Party Demand pursuant to this Court's bankruptcy jurisdiction under 28 U.S.C. 1334(b). (R. Doc. 1); (R. Doc. 2).

On July 15, 2016, Devon filed the instant Motion to Remand or for Abstention. (R. Doc. 4).

## II. Arguments of the Parties

Devon moves for remand and/or abstention pursuant to either the mandatory or permissive abstention doctrines of 28 U.S.C. § 1334(c). (R. Doc. 4 at 1). First, Devon argues that its claims in this action against Samson Exploration constitute a "non-core" proceeding pursuant to Section 1334(b) because the debtor is not a party to this action, the debtor's obligations do not need to be adjudicated in this proceeding, and the resolution of this proceeding will not bind the debtor. (R. Doc. 4-1 at 8). Devon asserts that the mandatory abstention factors of Section 1334(c)(2) have been satisfied, i.e., (1) an action has been commenced in state court, (2) the state court claims do not constitute a core proceeding, (3) there is no independent basis for federal court jurisdiction other than bankruptcy, and (4) the claims could be timely adjudicated in state court. (R. Doc. 4-1 at 11-12). In the alternative, Devon argues that the Court should abstain from hearing the state court matters on the basis of permissive abstention under Section 1334(c)(1) and/or equitably remand the action pursuant to 28 U.S.C. § 1452(b). (R. Doc. 4-1 at 12). Devon contends that, on balance, several permissive abstention factors considered by courts favor remand. (R. Doc. 4-1 at 13-14).

In opposition, Samson Exploration argues that Devon's claims constitute a "core" proceeding pursuant to Section 1334(b) because Devon seeks the same relief against Samson

3

Resources in the Bankruptcy Proceeding. (R. Doc. 13 at 3).  In short, Samson Exploration argues that because Devon filed a proof of claim against Samson Resources in the Bankruptcy Proceeding, this contract action constitutes a "core" proceeding, and the application of the mandatory abstention doctrine under Section 1334(c)(2) is precluded. (R. Doc. 13 at 4-9). Finally, Samson Exploration contends that neither the permissive abstention doctrine nor equitable remand have application under the facts of this case. (R. Doc. 13 at 9).

In reply, Devon raises the new argument that because Samson Exploration and Samson Resources are solidarily bound under Louisiana law, the instant action against Samson Exploration can be resolved without a finding that Samson Resources owes such indemnity. (R. Doc. 20 at 2-3).

In surreply, Samson Exploration argues that the arguments raised in the Reply should not be considered because they were not raised in Devon's initial brief. (R. Doc. 26 at 1). Substantively, Samson Exploration contends that it is not solidarily bound with Samson Resources because the SPA was not translative of any rights or obligations, as it expressly prohibited its application to rights of third parties. (R. Doc. 26 at 2-3).

**III.   Law and Analysis**

Under Section 1334(c)(2), "courts must abstain from hearing a state law claim if the following requirements are met: (1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *Matter of Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997).  Only if this proceeding is a "non-core proceeding" does the mandatory abstention doctrine apply. *See Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir.

4

1996) ("Mandatory abstention applies only to non-core proceedings—that is, proceedings 'related to a case under title 11,' but not 'arising under title 11, or arising in a case under title 11.'"); *Nase*, 2010 WL 924290 ("In the context of removal and remand, the Fifth Circuit has equated 'related to' bankruptcy jurisdiction with non-core proceedings.").

Congress has not specifically defined non-core proceedings. In broadly defining bankruptcy jurisdiction under Section 1334, the Fifth Circuit has held that a proceeding is non-core where "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis added by Fifth Circuit)); *see also In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) ("For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate.").

In contrast, Congress has provided a non-exhaustive list of "core" proceedings in bankruptcy. *See* 28 U.S.C. § 157(b)(2). The Fifth Circuit has noted that some of the subsections defining core proceedings use such broad language that they could be interpreted as encompassing all proceedings that fall within the scope of bankruptcy jurisdiction, i.e., proceedings that could conceivable have an effect on the bankruptcy estate:

> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate . . .; [and]
>
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. . . .

*Matter of Wood*, 825 F.2d at 95 (quoting 28 U.S.C. § 157(b)(2)(A), (B), and (O)). The Fifth Circuit declined to give such a broad reading to these subsections, stating that "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core

5

proceedings, a result contrary to the ostensible purpose of the 1984 Act." *Id*. Several courts have noted the Fifth Circuit's caution against a broad reading of these "catch-all" provisions. *See*, *e.g.*, *Garner v. BankPlus*, 470 B.R. 402, 406-07 (S.D. Miss. 2012) (proceedings based on state law that "could potentially affect the administration of the bankruptcy estate" were not core as they did "not invoke a substantive right provided by title 11 and could exist outside the bankruptcy case. . . ."); *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 116 (N.D. Tex. 2006) (observing Fifth Circuit's caution in *Wood*); *Nase*, 2010 WL 924290 (same).

A more detailed description of the issues facing the Fifth Circuit in *Wood* is instructive. In *Wood*, the bankruptcy petition was a stockholder of a closely-held medical clinic. *Matter of Wood*, 825 F.2d at 91. His partner subsequently filed a complaint in the bankruptcy court alleging that he received fewer shares of stock in the medical clinic than he was entitled to under a contract entered into between himself and the bankruptcy petitioner. *Id*. The bankruptcy court declined to dismiss the subsequently-filed matter for lack of subject-matter jurisdiction and held that it was a core proceeding. *Id*., at 91-92. On appeal, the district court dismissed the complaint for lack of jurisdiction. *Id*., at 92. On further appeal, the Fifth Circuit disagreed, concluding that the bankruptcy court had subject-matter jurisdiction under Section 1334. *Id*., at 94. The court then went on, however, to classify the proceeding as non-core, focusing on how the partner alleging breach of contract could have brought his cause of action in state court even if there had been no bankruptcy proceeding:

> The plaintiff's suit is not based on any right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court. . . .
>
> The substance of this action does not support a finding of core status. The essential issue in the proceeding is whether the defendants are liable to the plaintiff under state law. The suit does not raise as primary issues such matters as dischargeability, allowance of the

6

> claim, or other bankruptcy matters. Conceivably, a final judgment in this proceeding in the plaintiff's favor may lead to proceedings to allow the claim or to discharge the debt. At this juncture, however, these concerns are speculative and insubstantial issues in the proceeding. The plaintiff's suit is not a core proceeding.

*Id.*, at 97-98 (footnotes and citations omitted). In so holding, the court noted that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." *Id.*, at 96 n.31 (quoting 28 U.S.C. § 157(b)(3)).

Samson Exploration primarily relies upon *In re Orion Refining Corp.*, Nos. 03-11483, 03-1119, 2004 WL 3244578 (M.D. La. May 28, 2004) in support of its argument that the instant action is a "core" proceeding. In that action, the bankruptcy judge had to determine whether a declaratory judgment action brought by Orion Refining Corporation ("Orion") against the Louisiana Department of Revenue ("LDR") concerning the ownership of certain tax rebates acquired by Orion from a third-party in bankruptcy was a "core" proceeding. After the action was initiated, Orion itself filed for bankruptcy, LDR filed a proof of claim in Orion's bankruptcy proceeding, and Orion removed the action based upon the Court's bankruptcy proceeding. LDR moved for remand. The bankruptcy judge denied remand, holding that the removed action was a "core proceeding under § 157(b)(2)(A), (M)[2] and (O) because it concerns the administration of Orion's estate, affects Orion's use of what is claims is estate property (the credits) and affects the liquidation of Orion's estate and the adjustment of the debtor-creditor relationship." *Orion*, at *6. The bankruptcy judge further stated that "by filing a proof of claim, LDR became subject to the Court's core jurisdiction, even though the claim may relate to a pre-petition contract under state law." *Id.*

---

[2] This subsection provides that core proceedings include "orders approving the use or lease of property, including the use of cash collateral." 28 U.S.C. § 157(b)(2)(M). This subsection is inapplicable to the facts of this action.

7

The *Orion* decision is distinguishable because it involved a debtor who was a party to the underlying litigation.  Here, Devon filed a proof of claim in the bankruptcy proceeding of a non-party.  While the adjudication of the instant action will require interpretation of the 1990 PSA, and a determination of the nature of the rights and duties undertaken by Devon and Samson Resources, the ultimate judgment in his action would not affect Samson Resource's estate being administered in bankruptcy.  The third-party claim at issue was brought by Devon, a non-debtor, against Samson Exploration, also a non-debtor.  The third-party claim specifies that Devon is making "no claims whatsoever against any bankrupt entity," including Sampson Resources. (R. Doc. 1-8 at 10).

The adjudication of the rights and duties pursuant to the 1990 PSA, including the determination of whether those rights and duties were transferred from Samson Resources to Samson Exploration pursuant to the 2011 SPA, does not concern the administration of the estate or otherwise effect the liquidation of the assets of the estate.  The debtor, Samson Resources, is not a party to this action.  Accordingly, any judgment in this action will not have *res judicata* effect with regard to Samson Resources.  *See* La. R.S. § 13:4231; *see Chauvin v. Exxon Mobil Corp.*, 158 So.3d 761, 765 (La. 2014).

The Court concludes that this action is a non-core proceeding.  While the Notice of Removal asserts that this action is a "core" proceeding pursuant to § 157(b)(2)(A), (B), or (O), Samson Resources provides no convincing arguments in support of a finding that these subsections apply to this action, which the Fifth Circuit has warned against providing too broad a scope.  *See In re Wood*, 825 F.2d at 95.  Having considered the briefs and oral arguments of the parties, as well as the controlling law, the Court concludes that this action is not a core

proceeding as it is a state contract action that could have proceeded in state court absent the bankruptcy proceeding and that will have no effect on the bankruptcy estate. *Id*. at 93.

Moreover, the Court concludes that the additional factors for mandatory abstention are also satisfied. First, there is no independent basis for federal jurisdiction other than bankruptcy jurisdiction. There has been no showing that the Court may exercise diversity jurisdiction and/or federal question jurisdiction over this action. Second, this action was commenced in state court. Third, the action can be timely adjudicated in state court.[3] Mandatory abstention is applicable.

## IV. Conclusion

**IT IS RECOMMENDED** that the Devon's Motion to Remand (R. Doc. 4) be **GRANTED**, and that the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on November 22, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] At oral argument, counsel for Samson Exploration argued that the action could not be timely adjudicated in state court. The Court disagrees. Indeed, the underlying legacy dispute has been resolved and the state court can immediately turn to the contract issues raised by Devon against Samson Exploration.