# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEVON ENERGY PRODUCTION COMPANY, L.P. | CIVIL ACTION |
| VERSUS | |
| SAMSON EXPLORATION, LLC | NO.: 16-00437-BAJ-RLB |

### AMENDED RULING AND ORDER

Before the Court is the **Motion to Remand or For Abstention (Doc. 4)** filed by Devon Energy Production Company, L.P. ("Devon Energy") and the **Motion to Dismiss or, In the Alternative, Motion to Stay (Doc. 5)** filed by Samson Exploration, LLC ("Samson Exploration"). The United States Magistrate Judge issued a Report and Recommendation (Doc. 30) on Devon Energy's Motion to Remand, recommending that the motion be remanded to state court. Samson Exploration filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 31).[1]

---

[1] In its objections, Samson Exploration maintains that this case involves a civil proceeding that "arises under" or "arises in" a case under Title 11 such that the mandatory abstention provision at 28 U.S.C. § 1134(c)(2) is inapplicable. However, none of the arguments presented by Samson Exploration are availing. Specifically, the Court is not persuaded by Samson Exploration's assertion that because it "cannot be held liable if the bankruptcy court decides that Resources has no obligation to indemnify Devon" that this civil proceeding is one that arises under or arises in a case under Title 11. (Doc. 31 at p. 7). The United States Court of Appeal for the Fifth Circuit has instructed that the phrase "arising under Title 11" refers to proceedings that involve a cause of action created or determined by a statutory provision of Title 11, while the term "arising in ... cases under Title 11" refers to administrative matters that arise only in bankruptcy cases. *In re Matter of Wood*, 825 F.2d 90, 92 (5th Cir. 1987). This case clearly does not fall into either of those categories. Nor is the fact that Devon Energy filed a proof of claim in Resources' bankruptcy proceeding dispositive. (Doc. 31 at p. 7). The numerous cases Samson Exploration cited in support of this proposition demonstrate that filing a proof of claim in a bankruptcy proceeding invokes federal court jurisdiction with respect to the claim included in the proof of claim. *See Central Vermont Public Service Corp. v. Hebert*, 341 F.3d 186, 191 (2d Cir. 2003) ("Our cases have upheld bankruptcy jurisdiction in what would otherwise be non-core proceedings where the party opposing the finding of jurisdiction has filed a proof of claim."). It does not follow that this Court should extend that proposition to civil proceedings only marginally related to the bankruptcy case and that have no foreseeable impact on the administration of the bankrupt's estate or the bankruptcy proceedings. Because the mandatory abstention requirements of 1334(c)(2) are applicable in this case,

Having independently considered Devon Energy's **Motion to Remand or For Abstention (Doc. 4)** and related filings—including Samson Exploration's objections and additional responses filed by the parties (Docs. 31, 32, 36, 37)—the Court **APPROVES** the Magistrate Judge's **REPORT AND RECOMMENDATION (Doc. 30)**, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Devon Energy's **Motion to Remand or For Abstention (Doc. 4)** is **GRANTED** for the reasons explained in the Magistrate Judge's Report and Recommendation.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss or, In the Alternative, Motion to Stay (Doc. 5)** filed by Samson Exploration is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 19th day of January, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

the Magistrate Judge correctly recommended that the Court abstain from exercising jurisdiction and remand this case to state court.